**POSITION OF PARTIES WITH
RESPECT TO SENTENCING FACTORS**

| | | |
|---|---|---|
| **RE:** | Lee Garber | |
| **SD/FL PACTS No:** | 64405 | |
| **DOCKET NO:** | 00-6178-CR-Zloch | |
| **OBJECTIONS DUE BY:** | **October 27, 2000** | |
| **DATE AVAILABLE for DISCLOSURE:** | October 13, 2000 | |

I have read the presentence investigation completed by the United States Probation Office.

\_\_\_\_\_ There are no disputed facts.

__X__ There are unresolved factual disputes which are attached.

_____     __10/20/00__
(Defendant)                           (Date)

_____     __10/24/00__          Fort Lauderdale
(Attorney)                             (Date)                    (Location)
Michael A. Gottlieb

_____     _____        Fort Lauderdale
(Assistant U.S. Attorney)       (Date)                    (Location)
Jeff Kaplan

Return To:  Edward L. Cooley
            U. S. Probation Officer
            Federal Courthouse Building
            299 East Broward Blvd., Room 409
            Ft. Lauderdale, FL 33301-1865

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,            CASE NUMBER: 00-6178-CR-ZLOCH

    Plaintiffs,

vs.            **OBJECTIONS TO PRESENTENCE INVESTIGATION**

LEE GARBER

    Defendant.
_____/

COMES NOW the Defendant, LEE GARBER, by and through the undersigned counsel, pursuant to Federal Rules of Criminal Procedure and hereby files the following Objections to the Pre-Sentence Investigation.

1. The Defendant objects to paragraph 32. Paragraph 32 describes the Defendant's involvement in the scheme to defraud and does not attribute any mitigating factors to the Defendants role. As described by the government at the change of plea conference, the Defendant was a gopher for Cohen and Silverman. The Defendant played no role in planning or organizing this scheme. The Defendant had no inside information or knowledge as to how the plan actually worked. He merely followed orders. The Defendant also quit working for this company when he realized that what they were doing was unethical and potentially illegal. To this day, the Defendant does not fully understand the complex nature of the scheme to defraud.

Based upon the Defendant's statements to Ruth M. Valdes, Special Agent, U.S. HUD, the

Defendant freely admitted that he had a lack of knowledge and understanding of the scope and structure of the criminal enterprise and of the activities of Cohen and Silverman. Therefore a role reduction is merited. 3B1.2, n. 1.

In addition, while the Defendant may not qualify for having played a minimal role, his conduct clearly falls in the category of a minor participant. "[A] minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." 3.B.1.2. n. 3.

Therefore, the Defendant should receive a decrease by 2 levels, as his conduct clearly falls into the category of a minor participant.

2.  The Defendant objects to paragraph 38. Paragraph 38 is the adjustment for acceptance of responsibility. The Defendant has now provided an acknowledgment of acceptance of responsibility. Based upon the Defendant's affirmative acceptance of personal responsibility for his criminal conduct, the offense level should be reduced by 2 levels. 3E1.1(a).

In addition, the Defendant timely provided complete information to the government concerning his own involvement in the offense. A statement was given to Ruth Valdes, U.S. HUD and to Special Agent Chris Carbonneau. This statement was given voluntarily and without benefit of counsel. Therefore, the Defendant is entitled to an additional decrease of 1 level. 3E1.1(b)(1).

Furthermore, the Defendant timely notified the authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently. Thus a reduction by 1 level is warranted. 3E1.1(b)(2).

3.  The Defendant objects to paragraph 40. Paragraph 40 incorporates paragraph 32 and the calculations of actual and intended loss. The government and U.S. Probation Office have

determined that the "actual" loss attributable to this Defendant is $149,107.99.

"In fraudulent loan application cases and contract procurement cases, the loss is the actual loss to the victim." 2.F.1.1 n. 8. (b) If a loss substantially overstates a defendant's conduct, a downward departure may be warranted. In the instant case, the actual loss of $149,107.99 is due to five foreclosures in deals where this defendant played a role. As his role is one of a minor participant and not a planner and as the loss should be apportioned according to his role, at the most, the Defendant should be held liable for the actual loss of $149,107.99. See, United States v. Dickler, 64 F.3d 818, 825 (3d Cir.1995) (holding that § 2F1.1 and commentary require the method of calculating victim's loss to correspond to the nature of the defendant's conduct). Therefore, the Defendant should have an increase of 7 levels not 11 as contemplated by the Pre Sentence Investigation.

4. The Defendant objects to paragraph 41. While the offense required planning and was repetitive in nature, the Defendant was not the party responsible for the planning. The Defendant played a minor role, therefore he should not be held responsible for the aggravator of minimal planning. Thus an increase of 2 levels is not warranted.

5. As a point of clarification, the Defendant would state that paragraph 62 incorrectly states the Defendant's history of marijuana use. The Defendant began to use marijuana only recently when he was diagnosed with diverticulitis. That the use of marijuana was for purposes of helping the Defendant cope with abdominal pain and weight loss. That since the Defendant tested positive for marijuana, he has undergone counseling and therapy and no longer relies on marijuana to deal with any pain or weight loss.

I HEREBY CERTIFY that a true copy of the foregoing has been delivered, by hand, to the Office of the United States Attorney, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301,

and to Edward L. Cooley, U.S. Probation, Federal Courthouse Building, 299 East Broward Boulevard, Room 409, Fort Lauderdale, 33301-1865 on this ___ day of October, 2000.

Michael A. Gottlieb, Esquire
Michael A. Gottlieb, P.A.
1311 S. E. 2nd Avenue
Fort Lauderdale, Florida 33316
(954) 462-1005
Florida Bar #981133