PROB 12A  
(SD/FL 10/01)

SD/FL PACTS No. 64405

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 00-6178-CR-ZLOCH

### REPORT ON OFFENDER UNDER SUPERVISION

Name of Offender: Lee Garber

Name of Sentencing Judicial Officer: William J. Zloch, Chief Judge, United States District Court, Ft. Lauderdale, Florida

Date of Original Sentence: November 17, 2000

Original Offense: Making False Statements to the U.S. Department of Housing and Urban Development (HUD), Title 18 U.S.C. §1010

Original Sentence: One year and one day Bureau of Prisons; One year Supervised Release; Drug Aftercare Treatment; Maintain full time legitimate employment; Financial disclosure; $100 assessment; and $149,107.99 restitution.

Type of Supervision: Supervised Release        Date Supervision Commenced: November 30, 2001

## NONCOMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **Violation of Mandatory Condition,** by failing to satisfy the court ordered restitution. On or about November 17, 2000, restitution in the amount of $149,107.99 was ordered by the court and the supervised releasee has failed to satisfy this financial obligation as ordered. |

U.S. Probation Officer Action:

Your Honor, as indicated above, you ordered Mr. Garber to pay restitution in the amount of $149,107.99. This restitution is joint and several with his co-conspirators, who were indicted under five other cases here in the Southern District of Florida. Mr. Garber began paying his restitution in prison and paid $450 by the time he was released. Once on supervision, it was determined he could only pay $25 per month. He has been diligent with his payments and to date, he has paid $225, for a total paid

PROB 12A  
(SD/FL 10/01)

SD/FL PACTS No. 64405

Re: Lee Garber

toward the restitution of $675. The current balance due is $148,432.99.

However, Mr. Garber's supervision will terminate on November 29, 2002 and it is clear he will not be able to pay this obligation in full by that date. Mr. Garber has been informed the above obligation remains in full force and effect for 20 years from the date of the judgment and he must continue to pay toward this obligation, via the U.S. Attorney's Office, even after his supervision ends.

In line with the above, Mr. Garber's finances have been re-evaluated and it appears he can now pay $50.00 per month toward restitution. He has signed a new Financial Obligation Agreement with us and a Payment Agreement for the U.S. Attorney's Office, Financial Litigation Unit. They are enclosed for Your Honor's perusal. If Your Honor approves this request, same will be forwarded to the U.S. Attorney's Office.

In line with the above, it is respectfully recommended Your Honor allow Mr. Garber's supervised release to terminate with the balance due on the restitution.

If Your Honor concurs with the above recommendation, please check the appropriate box, sign and date this form, having the Clerk process same. If Your Honor does not concur, please indicate which course of action you wish this officer to take.

Respectfully submitted,

by  Roger S. McCoy  
U.S. Probation Officer  
Phone: (954)769-5577  
Date: September 4, 2002

[X] Concur with action(s) taken by the U.S. Probation Officer  
[ ] Submit a Request for Modifying the Conditions or Term of Supervision  
[ ] Submit a Request for _ Warrant or _ Summons

_____  
Signature of Judicial Officer

9/17/02  
_____  
Date